# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### The State v. Havercamp.

PRACTICE IN THE SUPREME COURT: RECORD.

*Appeal from Muscatine District Court.*

WEDNESDAY, MARCH 17.

DEFENDANT was indicted and convicted of murder in the second degree. He now appeals to this court.

*Cloud & Cloud*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

BECK, J.—The cause was submitted upon an abstract and printed argument by defendant, and a motion by the attorney general to strike from the abstract what purports to be the evidence, upon the ground that it is in no manner certified, nor made part of the record. The attorney general files no argument, but relies wholly upon the motion. He has not waived the filing of the proper record in the case. His motion must be sustained, for the reason that what purports to be the evidence is in no way certified or identified as the testimony in this case. His motion might have gone further and asked that the whole record be stricken from the files. We would have sustained it, for what purports to be the record consists of original papers and loose sheets, without certificate or identification in any form. It is sufficient to say that such papers can never be regarded as a record in this court. There are plain directions found in the rules of this court and in the statutes in regard to the contents and preparation of records brought here upon appeals. We have no authority to disregard them.

But in view of the fact that it is a criminal case, we will not affirm the judgment upon this submission, for we are authorized to presume that the

appeal was taken and is prosecuted in good faith. The submission will be set aside, and the cause will be put again on the docket. Counsel will then pursue such course as the rules of this court direct and the rights of their client demand.

Ordered, that the motion made by the attorney general to strike the evidence from the abstract be sustained, and that the submission be set aside and the cause be again put upon the docket.